UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 10-159 (DWF)

*CR 10-159 DWF/FLN*

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  **INDICTMENT** |
| | ) |
| Plaintiff, | )  (18 U.S.C. § 871(a)) |
| | )  (18 U.S.C. § 1028A) |
| v. | )  (18 U.S.C. § 1030) |
| | )  (18 U.S.C. § 2252(a)(4)(B)) |
| BARRY VINCENT ARDOLF, | )  (18 U.S.C. § 2252(a)(1)) |
| | ) |
| Defendant. | ) |
| | ) |

THE UNITED STATES GRAND JURY CHARGES THAT:

1.    At all times relevant to the charges in this Indictment, the defendant BARRY VINCENT ARDOLF lived in Blaine, Minnesota, in a house adjacent to that of the victim, "Victim A," and Victim A's family.

2.    In or about February 2009, the defendant knowingly and intentionally gained access to Victim A's wireless router, circumventing the router's encryption through the use of password-cracking software called "aircrack." After gaining access to Victim A's wireless router, defendant was able to communicate with the Internet through the router, using Victim A's Internet account with QWest, and was also able to access all of Victim A's computers that were connected to the router.

3.    Prior to gaining access to Victim A's wireless router, defendant had created multiple "Yahoo.com" email accounts in the name of Victim A, as well as a MySpace account in Victim A's name, without the knowledge or authorization of Victim A.   On or about

SCANNED
JUN 2 3 2010
U.S. DISTRICT COURT MPLS

FILED JUN 2 3 2010
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

United States v. Barry Vincent Ardolf                    Criminal No. 10-159 (DWF)

February 22, 2009, using Victim A's wireless router to connect to the Internet, defendant accessed one of the Yahoo.com email accounts he created in the name of Victim A and sent three separate emails to three of Victim A's coworkers posing as Victim A. The defendant sent the emails using Victim A's wireless Internet connection with the intent that they would be tracked back to Victim A's Internet account with QWest.

    4.    The first email sent by defendant went to Victim A's coworker "D.S." The subject line of the email was "Family pic from [Victim A's first name]." The text of the email read:

    Check it out. New family pic.

    I was thinking you could appreciate these.

    Plausable [sic] deniability, right?

    [Signed: Victim A's full first name and last initial]

Attached to the email were two electronic photographs, one of which depicts a nude, prepubescent minor female with two nude, prepubescent minor males engaged in sexual contact, in that the minor female has the penis of one of the minor males in her mouth and the other minor male's penis in her hand. Defendant had named this electronic image "[Victim A]'s Kids.jpg." The second picture, which defendant had named "Cher.jpg," depicted an unknown, young-looking female displaying her breasts and vagina.

5.    A second email sent by defendant on February 22, 2009 was directed to another of Victim A's coworkers, "B.M.," a female.  The subject line of the email was "You are such a fox."  The text of the email read:

> I was thinking of you on Valentines Day.
> I wouldn't mind at all if you wanted to sneak me a kiss when nobody is looking.
>
> Remember what Bill Clinton finally fessed up to?
> I want that from you!
>
> [Signed: Victim A's first name]

6.    A third email sent by defendant on February 22, 2009 was directed to another of Victim A's coworkers, "P.Y.," and was in reference to the person identified as B.M., above.  The subject line of the email was "Hey [P.Y.], ask [B.M.] if she likes me."  The text of the email read:

> Hey [P.Y.], ask [B.M.] if she liks [sic] me.
>
> Likes me likes me.  Because I like her.
>
> What can I say?  I think she's cute.
>
> [Signed: Victim A's first name]

7.    On the MySpace page he created in Victim A's name, defendant posted the same image of child pornography he attached to the email to D.S.

8.    On or about March 8, 2009, defendant created an "gmail.com" email account in the name of "Victim B."  Victim B is a real person, living in Wayzata, Minnesota.  Defendant created the

email account without the knowledge or authorization of Victim B.
Using this email account, defendant sent an email to Victim A's
supervisor at his place of employment. The email read:

> Friday afternoon on 3/6 I was at William Mitchell College
> of Law. I approached [Victim A] and we talked about his
> presentation. We ended the conversation in the parking
> lot where he made sexual advances and grabbed at my
> breasts. I slapped his face and took off yelling at him
> to leave me alone. ... If I see him here again I will
> call the police and I will press charges.
>
> [Signed: Victim B]. Wayzata, MN.

9.    On or about May 6, 2009, defendant used another falsely-
created Yahoo.com email to send an email. This email address
contained both Victim A's first and last name as well as that of
Victim A's wife, by which defendant intended to create the
appearance that it was sent by Victim A and his wife. Again, the
defendant accessed this account through Victim A's wireless router,
with the intent that it would be tracked back to Victim A's
Internet account with QWest. The email was sent to multiple
recipients, including the Vice President of the United States, the
Governor of Minnesota, and a United States Senator from Minnesota.
The subject line of the email read: "This is a terrorist threat!
Take this seriously." The body of the email read, in part:

> This is a terrorist threat! Take this seriously. I hate
> the way you people are spending money you don't have. ...
> I'm assigning myself to be judge jury and executioner.
> Since you folks have spent what you don't have it's time
> to pay the ultimate price. Time for new officials after
> you all are put to death by us. ...  Fuck you all for

United States v. Barry Vincent Ardolf                Criminal No. 10-159 (DWF)

spending money you don't have.  I'll kill you all one at
a time.  I'll take any opportunity I can get so better
have eyes on the back of your heads.  You guys better
start watching your back.  I'm coming for you all.  I
swear to God I'm going to kill you! ... The first one of
you will be dead by June 1.

10.  Defendant also used his access to Victim A's wireless
router to gain access to Victim A's home computers, from which
defendant obtained personal information from Victim A.  Defendant
used this personal information to further the fraudulent conduct
described above.

### COUNT 1
(Unauthorized Access to a Protected Computer)
18 U.S.C. § 1030

11.  The  Grand  Jury  hereby  re-alleges  and  incorporates
paragraphs 1 through 10 of this Indictment as if stated in full
herein.

12.  On  or  about  February  22,  2009,  in  the  District  of
Minnesota, the defendant,

**BARRY VINCENT ARDOLF,**

intentionally  accessed  a  computer  without  authorization,  and
thereby obtained information from a protected computer, and the
offense was committed in furtherance of a criminal and tortious act
in violation of the laws of the United States and the State of
Minnesota, in violation of Title 18, United States Code, Sections
1030(a)(2) and (c)(2)(B)(ii).

### COUNT 2
(Aggravated Identity Theft)

5

United States v. Barry Vincent Ardolf                Criminal No. 10-159 (DWF)

18 U.S.C. § 1028A

13.   The  Grand  Jury  hereby  re-alleges  and  incorporates paragraphs 1 through 10 of this Indictment as if stated in full herein.

14.   On  or  about  February  22,  2009,  in  the  District  of Minnesota, the defendant,

**BARRY VINCENT ARDOLF,**

did knowingly possess and use, without lawful authority, a means of identification of another person, to-wit: the name of Victim A, a known adult male, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to-wit: unauthorized access to a protected computer under 18 U.S.C. § 1030, all in violation of Title 18, United States Code, Section 1028A(a)(1).

**COUNT 3**
(Aggravated Identity Theft)
18 U.S.C. § 1028A

15.   The  Grand  Jury  hereby  re-alleges  and  incorporates paragraphs 1 through 10 of this Indictment as if stated in full herein.

6

16.   On or about March 8, 2009, in the District of Minnesota, the defendant,

**BARRY VINCENT ARDOLF,**

did knowingly possess and use, without lawful authority, a means of identification of another person, to-wit: the name of Victim B, a known adult female, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to-wit: unauthorized access to a protected computer under 18 U.S.C. § 1030, all in violation of Title 18, United States Code, Section 1028A(a)(1).

### COUNT 4
(Possession of Child Pornography)
18 U.S.C. § 2252(a)(4)(B)

17.   The   Grand   Jury   hereby   re-alleges   and   incorporates paragraphs 1 through 10 of this Indictment as if stated in full herein.

18.   On or about July 21, 2009, in the State and District of Minnesota, the defendant,

**BARRY VINCENT ARDOLF,**

did knowingly possess one or more matters which contained visual depictions that had been mailed, shipped and transported in interstate commerce and were produced using materials which had been so shipped, the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, including, but not limited to, a

computer image file which depicts a nude, prepubescent minor female

with two nude, prepubescent minor males engaged in sexual contact,

in that the minor female has the penis of one of the minor males in

her mouth and the other minor male's penis in her hand; all in

violation of Title 18, United States Code, Sections 2252(a)(4)(B)

and 2252(b)(2).

### COUNT 5
(Transmission of Child Pornography)
18 U.S.C. § 2252(a)(1)

19.   The   Grand   Jury   hereby   re-alleges   and   incorporates

paragraphs 1 through 10 of this Indictment as if stated in full

herein.

20.   On or about February 22, 2009, in the State and District

of Minnesota, the defendant,

**BARRY VINCENT ARDOLF,**

did knowingly transport and ship in interstate commerce, by

computer, visual depictions where the production of such visual

depictions involved the use of a minor engaging in sexually

explicit conduct and such visual depictions were of such conduct,

including, but not limited to, a computer image file which depicts

a nude, prepubescent minor female with two nude, prepubescent minor

males engaged in sexual contact, in that the minor female has the

penis of one of the minor males in her mouth and the other minor

United States v. Barry Vincent Ardolf            Criminal No. 10-159 (DWF)

male's penis in her hand; all in violation of Title 18, United

States Code, Sections 2252(a)(1) and 2252(b)(1).

## COUNT 6
(Threats to the President and Successors to the Presidency)
18 U.S.C. § 871(a)

21.   The  Grand  Jury  hereby  re-alleges  and  incorporates

paragraphs 1 through 10 of this Indictment as if stated in full

herein.

22.   On or about May 6, 2009, in the State and District of

Minnesota, the defendant,

**BARRY VINCENT ARDOLF,**

posing as Victim A, did knowingly and willfully make a threat to

take the life of and to inflict bodily harm upon the Vice President

or other officer next in the order of succession to the office of

President of the United States, specifically, causing an email to

be sent to the Vice President of the United States which stated in

part:

>This is a terrorist threat!  Take this seriously.  I hate
>the way you people are spending money you don't have. ...
>I'm assigning myself to be judge jury and executioner.
>Since you folks have spent what you don't have it's time
>to pay the ultimate price.  Time for new officials after
>you all are put to death by us. ...  Fuck you all for
>spending money you don't have.  I'll kill you all one at
>a time.   I'll take any opportunity I can get so better
>have eyes on the back of your heads.  You guys better
>start watching your back.  I'm coming for you all.   I
>swear to God I'm going to kill you! ... The first one of
>you will be dead by June 1.

All in violation of Title 18, United States Code, Section 871.

United States v. Barry Vincent Ardolf                    Criminal No. 10-159 (DWF)

## Forfeiture Allegations

Counts 1, 4 and 5 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 2253(a).

As the result of the offense alleged in Count 1 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly from the violation of Title 18, United States Code, Section 1030.

As a result of the offenses alleged in Counts 4 and 5 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a):

(1)   any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

10

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by 2253(b).


A TRUE BILL




_____          _____

UNITED STATES ATTORNEY               FOREPERSON