## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 10-159(1) (DWF/FLN)

               Plaintiff,

v.                                                             **MEMORANDUM AND ORDER**

Barry Vincent Ardolf,

               Defendant.


This matter is before the Court on Defendant's self-styled "Motion to extend one year limitation period of Habeas Corpus."  (Doc. No. 143.)  Plaintiff United States of America filed a memorandum in opposition to Defendant's motion on May 24, 2013. (Doc. No. 145.)  Defendant's motion is denied for the reasons discussed below.

## BACKGROUND

On December 17, 2010, three days into a jury trial, Defendant pleaded guilty to (1) unauthorized access to a protected computer; (2) aggravated identity theft; (3) threats to the Vice President of the United States; (4) possession of child pornography; and (5) distribution of child pornography.  (Doc. Nos. 72 & 114.)  On March 18, 2011, Defendant moved to withdraw his guilty plea.  (Doc. No. 85.)  The Court denied the motion.  (Doc. No. 94.)  On July 12, 2011, Defendant was sentenced to 216 months in federal prison.  (Doc. No. 111.)  Judgment was entered July 28, 2011.  (Doc. No. 113.) Defendant appealed, and Defendant's sentence was affirmed by the Eighth Circuit on July 5, 2012.  (Doc. Nos. 139 & 140.)  Defendant did not seek certiorari review in the

United States Supreme Court.   Defendant is currently serving his sentence at the Federal

Correctional Institution in Elkton, Ohio.

Defendant's present motion indicates that he is now considering filing a motion for

relief under 28 U.S.C. § 2255.   Defendant has correctly recognized that there is a one-year

statutory deadline for filing such a motion, and he is seeking an order that would extend

that deadline for a period of six months.   (Doc. No. 143.)

In most cases, a § 2255 motion must be filed within one year after the defendant's

"judgment of conviction becomes final."   28 U.S.C. § 2255(f)(1).   If a defendant's

conviction is affirmed on direct appeal, and he does not apply for certiorari review, (as

apparently occurred here), the one-year statute of limitations for filing a § 2255 motion

normally begins to run upon the expiration of the deadline for seeking a writ of certiorari.

*See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants

who do not file a petition for certiorari with this Court on direct review, § 2255's

one-year limitation period starts to run when the time for seeking such review expires.").

The deadline for seeking certiorari review expires 90 days after the date of the judgment

to be reviewed.   Sup. Ct. R. 13.1.   It therefore appears that the deadline for filing a

§ 2255 motion in this case will expire on or about September 3, 2013 (one year and 90

days after the Court of Appeals dismissed Defendant's direct appeal).

**DISCUSSION**

Defendant has not cited, and the Court is not independently aware of, any legal authority that would allow the Court to extend the deadline for filing a motion under 28 U.S.C. § 2255 *before* any such motion has been filed.   28 U.S.C. § 2255 itself does not authorize a district court to extend the one-year deadline for filing a post-conviction motion under that statute, and there does not appear to be any other statute or case law suggesting that district courts have any legal authority to grant such an extension.

The Second Circuit Court of Appeals has concluded that "'a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed,'" because in the absence of an actual petition, "'there is no case or controversy to be heard, and any opinion . . . on the timeliness issue would be merely advisory.'"   *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (*quoting United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (*per curiam*)); s*ee also Ramirez v. United States*, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006) ("While the Fourth Circuit has not yet considered the issue, every court to have done so has concluded that federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time [for filing a § 2255 motion] is not, by itself, a 'case or controversy' within the meaning of Article III of the United States Constitution.").

However, the Second Circuit also said in *Green* that "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under

section 2255, a district court is empowered, and in some instances may be required, . . . to

treat that motion as a substantive motion for relief under section 2255."   260 F.3d at 83.

This led the Court to conclude that—

> [i]rrespective of *when* a prisoner files a motion for extension of time, the
> district court must first determine whether the motion contains allegations
> supporting a claim for relief under section 2255.   If it does, the district court
> should construe it as such, and then decide whether the motion is timely.   If
> it does not, the district court has no jurisdiction . . . to consider the motion.

*Id.* (emphasis in original).

In this case, the Court finds that it would not be appropriate to construe Defendant's

current motion as an actual § 2255 motion, because Defendant has not adequately

described any potentially meritorious grounds for seeking relief under § 2255.   The

current motion vaguely alludes to ineffectiveness of counsel and actual innocence, but

Defendant has not presented any specific factual or legal reasons for granting him any

post-conviction relief.   As noted in *Green*, "[a] motion under section 2255 must 'specify

all the grounds for relief which are available to the movant and of which he has or, by the

exercise of reasonable diligence, should have knowledge and shall set forth in summary

form the facts supporting each of the grounds thus specified.'"   260 F.3d at 83 (citation

omitted).   Defendant's present motion does not satisfy this requirement.   Thus, the Court

concludes that the present motion for extension cannot be construed to actually be a § 2255

motion.   It follows, under the analysis prescribed by *Green*, that the Court lacks

jurisdiction over Defendant's motion for an extension, and the motion must therefore be denied.

Defendant may, of course, still attempt to file a § 2255 motion, if he believes that meritorious grounds exist for challenging his plea and sentence, which could not have been raised in his direct appeal.[1]   The Court will direct the Clerk's Office to send Defendant a copy of the form that is to be used for § 2255 motions filed in this District.   However, if Defendant intends to file a § 2255 motion, he obviously will have to act quickly, as it appears that the applicable one-year statute of limitations will soon expire.   (*See supra.*)

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.   Defendant Barry Vincent Ardolf's self-styled "Motion to extend one year limitation period of Habeas Corpus" (Doc. No. [143]) is **DENIED**.

---

[1]   If an issue could have been raised on direct appeal, a defendant normally is barred from raising that issue for the first time in a § 2255 motion.   *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) (the Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal").

2.     The Clerk of Court shall provide Defendant with a copy of the form that is to be used in this District for motions brought under 28 U.S.C. § 2255.


Dated:   July 8, 2013                          s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge